IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No.   3:16-cv-112-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SATCHER PROPERTIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America, through its undersigned attorneys, and at the request of the United States Army Corps of Engineers, alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Satcher Properties, LLC ("Defendant"), for the discharge of fill into waters of the United States in Lexington County, South Carolina, without authorization by the United States Department of the Army, in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

2.      In this action, the United States seeks: (1) to enjoin the further discharge of fill into waters of the United States located at 180 Branham View Road, Lexington, SC, without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendant, at his own expense, to restore the stream and wetlands located at 180 Branham View Road, Lexington, SC, and (3) to require Defendant to pay civil penalties as provided in 33 U.S.C. § 1319(d) and in 33 U.S.C. § 406; (4) to award such other relief as the Court may deem appropriate.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331 and 1345.

4.      Venue is proper in the Columbia Division, District of South Carolina, pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c), because the Defendant conducts business in this District, the subject property is located in this District, and the cause of action alleged herein arose in this District.

5.      Notice of the commencement of this action has been provided to the State of South Carolina pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6.      The Plaintiff in this action is the United States of America.  Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7.      Defendant, Satcher Properties, LLC, is a Limited Liability Company under the laws of South Carolina, whose registered agent is Benjamin W. Satcher, Sr., has a main office at 180 Branham View Road, Lexington, SC 29072, and is licensed to do business in South Carolina,

8.      At all times relevant to the Complaint, the Defendant controlled the activities occurring in waters of the United States that are the subject of this Complaint.

## STATUTORY BACKGROUND

9.      CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, inter alia, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

10.     CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

11.     CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

12.     CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, dredged spoil, rock, sand and cellar dirt.

13.     CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

14.     At the time of the alleged activities, 33 C.F.R. § 328.3(a)(1), (2), (3), (5) and (7), defined "waters of the United States" to include:  (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all inter-state waters; (iii) all other waters, such as intrastate lakes, rivers, streams, sloughs or wetlands, the use, degradation or destruction of which could affect interstate or foreign commerce; (iv) tributaries to such waters; and (v) wetlands adjacent to such waters or its tributaries.

15.     At the time of the alleged activities, 33 C.F.R. § 328.3(b) defined "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration

3

sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

16.    CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

17.    CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

18.    CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

19.    CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

## Count

20.    On or before 15 November 2012, the Defendant and/or persons acting on its behalf, discharged dredged or fill material into waters of the United States without a permit under CWA section 404 at sites located on 180 Branham View Road in Lexington County, City of Lexington, South Carolina (hereinafter referred to as "the Branham View Road Sites").

21.    The dredged or fill material that the Defendant and/or persons acting on its behalf caused to be discharged into the Branham View Road Sites included earthen materials, which constitutes a "pollutant" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

22.    The Defendant and/or persons acting on its behalf used mechanized land-clearing and earth-moving equipment to accomplish the discharges. This equipment constitutes a "point source" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

23.     Defendant did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharge of dredged or fill material into waters of the United States at the Branham View Road Sites, as required by CWA section 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

24.     The Defendant conducted, supervised, and/or contracted for and otherwise controlled the unauthorized discharge activities set forth above.

25.     Defendant is a "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

26.     Defendant violated CWA section 301(a), 33 U.S.C. § 1311(a), by its unauthorized discharges of dredged or fill material into waters of the United States, including wetlands, at the Branham View Road Sites.

27.     Defendant has allowed pollutants to remain the waters of the United States at the Branham View Road Sites, and Defendant remains in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

28.     Unless enjoined, Defendant is likely to continue to discharge dredged or fill material into and/or to allow dredged or fill material to remain in the Branham View Road Sites in violation of CWA section 301, 33 U.S.C. § 1311.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

5

That the Defendant be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

That the Defendant be enjoined to undertake measures at Defendant's own expense and at the direction of the Corps of Engineers to effect complete restoration of the Branham View Road Sites and/or to conduct off-site mitigation for irreversible environmental damage, as appropriate;

That the Defendant be assessed, pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

That the United States be awarded costs and disbursements in this action; and

That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Respectfully submitted,

WILLIAM N. NETTLES
UNITIED STATES ATTORNEY

By:    *s/Beth Drake*
       Beth Drake (#5598)
       First Assistant United States Attorney
       District of South Carolina
       1441 Main Street, Suite 500
       Columbia, South Carolina  29201
       Telephone: (803) 929-3061

January 13, 2016

OF COUNSEL:
Brian P. Nutter**,** Attorney
United States Army Corps of Engineers
69A Hagood Ave.
Charleston, South Carolina 29403